UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID W. HAYDEN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-00679-WTL-MJD |
| | ) |
| DEANNA DWENGER Dr., in her individual capacity, | ) |
| | ) |
| Defendant. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff's motion for leave to proceed without prepaying fees or costs [dkt. 2] is **granted**. The assessment of even an initial partial filing fee is not feasible at this time.

**II.**

Plaintiff David W. Hayden, Jr., an inmate at the New Castle Correctional Facility, filed this action against Dr. Deanna Dwenger.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

### III.

As presented, the complaint fails to state a plausible claim for relief against the defendant.

The complaint alleges that Mr. Hayden has been sexually harassed "in a group setting." Dkt. 1 at p. 2. He states that on or about January 15, 2015, he asked Dr. Dwenger to contact the Prison Rape Elimination Act Coordinator on his behalf. Dr. Dwenger allegedly "failed to address this serious issue." Dkt. 1 at p. 3.

These allegations are insufficient in the following respects. First, it is unclear what actions occurred which Mr. Hayden believes constitute sexual harassment, thus the Court is unable to determine whether that harassment was severe enough to be implicate the United States Constitution. "The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)).

Second, it is unclear what Dr. Dwenger did or failed to do which violated Mr. Hayden's rights. There is no allegation that Dr. Dwenger disregarded an excessive risk to inmate health or safety or that she wanted the harassment to occur. The only allegation is that she did not report past harassment by unknown perpetrators to an unidentified individual. In addition, it is unclear

that reporting the conduct would have stopped or curtailed the harassment. A prisoner raising an Eighth Amendment claim against a prison official must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan,* 511 U.S. 825, 114 S. Ct. 1970, 1977 (1994). As the Court explained in *Farmer,* "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 1979.

It is for these reasons that the complaint is dismissed for failure to state a claim upon which relief may be granted.

## IV.

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through June 10, 2015,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify

what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

Date: 5/15/15

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID W. HAYDEN, JR.
962384
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362